On application for rehearing, the appellants contend that "while there is a set of facts that can be proven to show that the bank's sale en masse injured the plaintiffs, there is also a set of facts that can be proven to show that in fact the purchasers were not bona fide purchasers, so that the foreclosure sale should be voided."
Because of the facts presented by the record on appeal, we held that we could not void the foreclosure sale, but we permitted the plaintiffs to have a hearing on their amended complaint, and we specifically authorized the trial court to "apply equitable principles" in fashioning a remedy and stated that "when a court takes jurisdiction *Page 796 
for one purpose, it will extend that jurisdiction so as to do complete justice and will mold its judgment to adjust the equities of the parties and to meet the necessities of each situation."
If, after a full hearing, the trial court, applying equitable principles, should determine that the purchasers were not, in fact, bona fide purchasers for value, then the trial court would have the power to fashion a judgment that would do equity in the premises.
OPINION EXTENDED; APPLICATION OVERRULED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.